LEVIN, et al. *v.* BROWN, et al.

May 11, 1953

No. 38773        31 Adv. S. 16        64 So. 2d 633

*Douglas D. Shands* and *Cason Rankin,* for appellant.

*Noel Monaghan,* for appellees.

McGEHEE, C. J.

This appeal involves two replevin suits instituted by the appellants doing business as A. S. Levin, Seeds, of Chattanooga, Tennessee, against the appellees Kyle Brown and Evans McCulley, doing business as Brown and McCulley, a partnership at Tupelo, Mississippi, and which two suits were consolidated by agreement of the parties and tried as one cause. There was a jury verdict for the defendants, and the plaintiffs in replevin have prosecuted this appeal.

The great weight of the evidence clearly establishes the fact that the sheriff in executing the writs of replevin found in the possession of the defendants almost all of the personal property described in the affidavits in replevin, and that the same had been stolen from the warehouse of the plaintiffs in Chattanooga.

The sheriff testified that he levied upon the property pointed out to him by the defendants, and the great weight of the evidence shows that they had purchased the same from one Jack Ellis, a former truck driver of the plaintiffs, subsequent to July 21, 1950, after the said Ellis had been discharged as an employee of the plaintiffs.

The plaintiffs undertook to show that Jack Ellis plead guilty to the larceny of this property and was sentenced to the state penitentiary in Tennessee, but the proceedings sought to be introduced were incomplete in that there was no certified copy of the indictment contained therein.

In that connection, they undertook to prove by Carl Levin that he was present in court and heard the said Ellis state in connection with his plea of guilty that he sold the property to the defendants which he was alleged in that indictment to have stolen from the plaintiffs.

This testimony was objected to and the objection was properly sustained on account of being hearsay evidence. If the statements of Ellis as to where he got the property that he sold to the defendants were to be used at the trial, his deposition should have been taken in that behalf, subject to the right of cross-examination.

However in view of the fact that the proof otherwise is so overwhelming that the property levied upon by the sheriff was delivered to the defendants by Ellis after it had been stolen from the plaintiffs, we have concluded that the verdict of the jury and the judgment appealed from must be reversed as being against the overwhelming weight of the evidence. Since the case is being reversed for a new trial, we refrain from commenting in further detail as to the proof on the trial of the case.

Reversed and remanded.

*Hall, Lee, Holmes* and *Arrington, JJ.*, concur.